FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 08 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JUNARIAN WALKER,

                        Petitioner,

    -v.-

SUPERINTENDENT DONALD G. UHLER,

                        Respondent.
-------------------------------------------------------------X

**DECISION & ORDER**
15-cv-4451 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

Before the Court is a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 by *pro se* Petitioner Junarian Walker ("Petitioner"). Petitioner seeks federal *habeas* relief on two grounds: (1) Petitioner was denied his right to due process and confrontation and (2) ineffective assistance of trial counsel. For the reasons discussed below, the petition for the writ of *habeas corpus* is DENIED in its entirety.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 29, 2009, at approximately 1:00 P.M., Petitioner and two conspirators, Dasmin Walker ("Walker") and Robert Tavarez ("Tavarez"), entered Ben's Jewelers, a jewelry store located in Brooklyn, New York. Dkt. 7 ("Affirmation") at ¶ 4. Petitioner pointed a black semiautomatic handgun at Alfred Benzaken, the owner of the jewelry store, and demanded that he and Hannah Kochanova, an employee, get on the floor. *Id.* When Mr. Benzaken failed to comply, a struggle between Petitioner and Mr. Benzaken ensued whereby Petitioner fired one shot at Mr. Benzaken. *Id.* However, instead of hitting Mr. Benzaken, Petitioner shot Walker. *Id.* Petitioner subsequently opened the cash register drawer and filled a bag with $500 in cash and jewelry worth $60,000. *Id.*

While Walker was being treated at the local hospital for his gunshot wound, Detective Michael O'Halloran spoke to him. *Id.* at ¶ 5. After their conversation, Detective O'Halloran

1

went to 501 Lefferts Avenue, Apartment 2D in Brooklyn, New York. *Id.* While in the courtyard, Petitioner was apprehended by the police, who found him hiding under garbage bags; Petitioner initially lied about his name. *Id.* at ¶ 6. Police also found a loaded firearm next to Petitioner. *Id.* Petitioner subsequently gave an oral and written confession. *Id.* at ¶ 7. The next day, in a police line-up, Mr. Benzaken and Ms. Kochanova separately identified Petitioner as the gunman in the robbery. *Id.*

Based on the foregoing, Petitioner was charged with one count of Robbery in the First Degree under New York Penal Law ("NYPL") § 160.15[2], one count of Robbery in the Second Degree under NYPL § 160.10[1], two counts of Criminal Possession of a Weapon in the Second Degree under NYPL § 265.03[1][b], [3], and Attempted Assault in the First Degree under NYPL §§ 110.00/120.10[1]. *Id.* at ¶ 8.

Following a jury trial in New York State Supreme Court, Kings County, Petitioner was found guilty on all counts. *Id.* at ¶ 9. On March 2, 2011, Petitioner was sentenced to concurrent prison terms of twenty-three years for Robbery in the First Degree, twelve years for Robbery in the Second Degree, twelve years for each count of Criminal Possession of a Weapon in the Second Degree, and ten years for Attempted Assault in the First Degree. *Id.* at ¶ 10. Each prison term was to be followed by five years of post-release supervision. *Id.*

In March 2013, Petitioner, represented by counsel, appealed his judgment of conviction to the Supreme Court of the State of New York Appellate Division, Second Judicial Department ("Appellate Division") arguing his conviction should be overturned because (1) his rights to due process and confrontation had been violated as Detective O'Halloran's testimony at trial constituted inferential hearsay, and (2) in the alternative, if his due process and confrontation claims were unpreserved for appellate review, then Petitioner had received ineffective assistance

of counsel. *Id.* at ¶ 11. Petitioner also filed a *pro se* supplemental brief, in which he argued he was denied a fair trial because the prosecutor committed misconduct during summation. *Id.*

In an opinion dated December 24, 2014, the Appellate Division unanimously affirmed Petitioner's judgment of conviction. *People v. Walker*, 999 N.Y.S.2d 178 (2d Dep't 2014). In the decision, the Appellate Division held Petitioner had failed to preserve for appellate review his argument that his rights to due process and confrontation were violated because Detective O'Halloran's testimony constituted impermissible hearsay. *Id.* at 178-179. The Appellate Division further stated "[i]n any event, the evidence of the [Petitioner's] guilt, without reference to either alleged error, was overwhelming, and there is no reasonable possibility that either alleged error might have contributed to the [Petitioner's] conviction. Thus, any error was harmless beyond a reasonable doubt." *Id.* at 179. (citations omitted). With respect to Petitioner's claim for ineffective counsel, the Appellate Division found Petitioner received effective assistance of counsel. *Id.* Lastly, the Appellate Division found the prosecutor's summation remarks constituted fair comment. *Id.* Petitioner sought leave to appeal the Appellate Division's decision to the New York Court of Appeals, which was denied on March 26, 2015. Affirmation at ¶¶ 13-14; *see also People v. Walker*, 30 N.E.3d 174 (N.Y. 2015).

On July 28, 2015, Petitioner filed his *pro se* petition for a writ of *habeas corpus* in this Court. Dkt. 1("Petition"). Petitioner seeks federal habeas relief on the same two grounds raised in his brief to the Appellate Division: (1) Detective O'Halloran's testimony violated Petitioner's rights to due process and confrontation because it constituted inferential hearsay and (2) ineffective assistance of counsel. *Id.* at 4-5; *see also* Dkt. 9 ("Reply") at PDF 10-43. The Court will address each issue in turn.

3

## DISCUSSION

### I. Legal Standard

The Court's review of the Petition is governed by The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. A federal habeas court may only consider whether a person is in custody pursuant to a state court judgment "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA requires federal courts to apply a "highly deferential standard" when conducting *habeas corpus* review of state court decisions and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation marks and citations omitted).

A petitioner is entitled to *habeas corpus* relief only if he can show the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). "For the purposes of federal habeas review, 'clearly established law' is defined as 'the holdings, as opposed to dicta, of [the Supreme] Court's decisions as of the time of the relevant state court decision.'" *Davis v. Racette*, 11-CV-5557, 2015 WL 1782558, at *3 (E.D.N.Y. Apr. 21, 2015) (Brodie, J.) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). "A state court decision is 'contrary to,' or an 'unreasonable application of,' clearly established law if the decision (1) is contrary to Supreme Court precedent on a question of law; (2) arrives at a conclusion different [from] that reached by the Supreme Court on 'materially indistinguishable' facts; or (3) identifies the correct governing legal rule, but unreasonably applies it to the facts of the petitioner's case." *Id.* (quoting *Williams*, 529 U.S. at 412-13 and citing *Harrington v. Richter*, 562 U.S. 86, 99-100 (2011)). To establish that a state court's decision constitutes an unreasonable application of the law, the state court decision must be "more than incorrect or erroneous[,]" it must be "objectively unreasonable." *Lockyer v.*

4

*Andrade*, 538 U.S. 63, 75 (2003). For the reasons discussed below, the Court denies the petition for the writ of *habeas corpus* in its entirety.

## II. Analysis

### A. Petitioner's Claim That Detective O'Halloran's Testimony Violated His Rights to Due Process and Confrontation is Procedurally Barred

Petitioner argues he is entitled to federal *habeas* relief because his rights to due process and confrontation were violated by Detective O'Halloran's testimony at trial, which he claims constituted inferential hearsay. Reply at PDF 10-27. As previously mentioned, after Detective O'Halloran spoke with Walker, he went to 501 Lefferts Avenue, where Petitioner was apprehended. Affirmation at ¶¶ 5-6. Since Walker did not testify during trial, Petitioner claims "[w]ithout the inferential hearsay testimony of Detective O'Halloran in evidence[, t]he jury would have speculated on how Detective O'Halloran knew to go to a specific address to arrest [P]etitioner because there was no other police work that turned up [P]etitioner." Reply at PDF 26. Petitioner's argument, however, is without merit because it is procedurally barred from this federal Court's review by an adequate and independent state law ground.

Federal courts are procedurally barred from considering a state court judgment that fairly "rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991) (citations omitted). "A state procedural bar qualifies as an independent and adequate state law ground if the last state court rendering a judgment in the case clearly and expressly stated that its judgment rested on a state procedural bar." *Swail v. Hunt*, 742 F. Supp. 2d 352, 358 (W.D.N.Y. 2010) (Bianchini, Mag. J.) (internal quotation marks, citations, and alterations omitted). The Second Circuit has also established that "federal habeas review is foreclosed when a state court has expressly relied on a procedural default as an independent and adequate ground, even where the state court has also

5

ruled in the alternative on the merits of the federal claim." *Velasquez v. Leonardo,* 898 F.2d 7, 9 (2d Cir.1990). As such, "federal habeas review is precluded as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision." *Velasquez,* 898 F.2d at 9 (internal quotation marks and citation omitted). A state court decision is adequate where if "it is firmly established and regularly followed." *Swail,* 742 F. Supp. 2d at 358 (internal quotation marks and citation omitted).

In this case, Petitioner challenged Detective O'Halloran's testimony on the same grounds before the Appellate Division. In its unanimous decision, the Appellate Division held "[Petitioner] contends that the admission of certain police testimony improperly implied that a nontestifying alleged accomplice identified the defendant to the police, and violated the Confrontation Clause. However, [Petitioner] failed to preserve these contentions for appellate review." *Walker,* 999 N.Y.S.2d at 178-179 (internal citations omitted). The Appellate Division went on to also find that, in any event, any error was harmless in light of the overwhelming evidence of Petitioner's guilt. *Id.* at 179.

Although the Appellate Division briefly discussed the merits of Petitioner's claim with its harmless error analysis, its decision also clearly stated a state procedural ground for default – failure to comply with New York Criminal Procedure Law ("NYCPL") § 470.05[2] ("Section 470.05[2]"). *See id.* (citing *People v. Marino,* 800 N.Y.S.2d 439 (2d Dep't 2005)). The Second Circuit has held that Section 470.05[2] is a firmly established and regularly followed rule thereby precluding federal habeas review. *See Whitley v. Ercole,* 642 F.3d 278, 286, 288 (2d Cir. 2011). As such, this Court is foreclosed from reviewing the state court decision because the Appellate Division "also expressly relied on [Petitioner's] procedural default." *Murden v. Artuz,* 497 F.3d 178, 191 (2d Cir. 2007) (internal quotation marks and citation omitted). Because the Appellate

Division's decision "fairly appears to rest primarily on state law" *habeas* review by this Court is precluded. *Coleman*, 501 U.S. at 740 (internal quotation marks and citations omitted).

Nonetheless, "[e]ven though a constitutional claim is procedurally barred from federal review, [a petitioner] may obtain review of his claim on the merits if he shows that equity demands it." *Murden*, 497 F.3d at 194 (citing *Dretke v. Haley*, 541 U.S. 386, 393 (2004)). To obtain such review, a petitioner must demonstrate cause and prejudice for the procedural default, or demonstrate that the failure to consider the claim will result in a miscarriage of justice. *See Valdez-Cruz v. Racette*, 13-CV-03033, 2014 WL 3795577, at *6 (E.D.N.Y. Aug. 1, 2014) (Bianco, J.). "To establish cause, a petitioner must show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. To show prejudice, the procedural default must also result in actual injury and cause a substantial disadvantage, infecting the entire trial with error of constitutional dimensions." *Petronio v. Walsh*, 736 F. Supp. 2d 640, 654 (E.D.N.Y. 2010) (Spatt, J.) (internal quotation marks and citations omitted). Under the miscarriage of justice exception, a petitioner must show he is actually innocent of the crime for which he has been convicted. *Id.* at 657. Actual innocence "means factual innocence, not mere legal insufficiency. To establish actual innocence, a petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* (internal quotation marks, citations, and brackets omitted).

Here, Petitioner has failed to present sufficient cause or prejudice to excuse this procedural default. Petitioner does not argue that "some objective factor external to the defense" prevented his trial counsel from complying with the state procedural rule, nor does he establish that the procedural default resulted in actual injury. *Id.* at 654 (internal quotation marks and

citations omitted); *see also* Reply at PDF 10-27. Petitioner has also failed to demonstrate actual innocence (*i.e.*, in light of all the evidence, it is more likely than not, no reasonable juror would have found petitioner guilty). *See* Reply at PDF 10-27. This is especially true given the two eyewitness identifications of Petitioner as the man who robbed the jewelry store and Petitioner's own oral and written confessions. Affidavit at ¶ 7. Without demonstrating cause and prejudice, or that the constitutional violation resulted in the conviction of someone who is innocent, Petitioner's claim on this issue remains procedurally barred.

Although sufficient grounds exist to dismiss Petitioner's claim as procedurally barred, Petitioner argues that the Appellate Division "unreasonably applied Supreme Court precedent when it engaged itself in harmless error review and disposed [P]etitioner's Due Process and Confrontation claim based on its harmless error review." *Id.* at PDF 25. Petitioner's argument is unavailing. The Second Circuit has held "when a state court explicitly conducts harmless error review of a constitutional error, a habeas court must evaluate whether the state unreasonably applied [the standard requiring a reviewing court to be convinced beyond a reasonable doubt that the error was harmless]." *Gutierrez v. McGinnis*, 389 F.3d 300, 306-07 (2d Cir. 2004).

Here, the Appellate Division held "[i]n any event, the evidence of the [Petitioner's] guilt, without reference to either alleged error, was overwhelming, and there is no reasonable possibility that either alleged error might have contributed to the [Petitioner's] conviction. Thus, any error was harmless beyond a reasonable doubt." *Walker*, 999 N.Y.S.2d at 179 (citations omitted). The Appellate Division's harmlessness holding was a reasonable application of federal law, given the overwhelming strength of the prosecution's case. *See, e.g., Gutierrez*, 389 F.3d at 308-09. First, two eyewitnesses positively identified Petitioner as the gunman who robbed the jewelry store. Affidavit at ¶ 7. Second, Petitioner gave both oral and written confessions for

which he raised no *Miranda* violation issues. *Id.* Accordingly, Petitioner's petition for *habeas* relief on this ground is DENIED.

### B. Petitioner's Ineffective Assistance of Counsel Claim Fails

Petitioner also argues he is entitled to federal *habeas* relief for ineffective assistance of counsel because "trial counsel was the one[] who[] permitted the State to violate [P]etitioner's due process and confrontation rights[] by allowing the State to elicit testimony from Detective O'Halloran[.]" Reply at PDF 29. Petitioner's argument is without merit.

*Strickland v. Washington*, 466 U.S. 668 (1984), sets forth the relevant federal law governing ineffective assistance of counsel claims. In reviewing a state court's application of the *Strickland* standard, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard. Were that the inquiry, the analysis would be no different than if, for example, [the district court] were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States [D]istrict [C]ourt." *Harrington,* 562 U.S. at 101.

"Under *Strickland*, in order to prevail on an ineffective-assistance-of-counsel claim, a [petitioner] must meet a two-pronged test: (1) he 'must show that counsel's performance was deficient' . . . and (2) he must show that 'the deficient performance prejudiced the defense[.]'" *Bennett v. United States*, 663 F.3d 71, 84 (2d Cir. 2011) (quoting *Strickland*, 466 U.S. at 687, 690). "It is the accused's 'heavy burden' to demonstrate a constitutional violation under *Strickland*." *Moreno v. Smith*, 06-CV-4602, 2010 WL 2975762, at *15 (E.D.N.Y. July 26, 2010) (Matsumoto, J.) (quoting *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004)).

Under the first prong, "[j]udicial scrutiny of counsel's performance must be highly deferential . . . a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotation marks and citations omitted).

Under the second prong, to establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In making the determination whether the specified errors resulted in the required prejudice, a court should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge or jury acted according to law." *Id.* at 694.

Here, the Appellate Division rejected Petitioner's claim on the merits. *See Walker*, 999 N.Y.S. 2d at 179. Petitioner thereafter requested leave to appeal from the Court of Appeals, which was denied. *Walker*, 30 N.E.3d 174. Upon review of the state court record, the Court can find nothing in the record to suggest the state courts applied *Strickland* unreasonably when rejecting Petitioner's ineffective assistance of counsel claim. *See Harrington*, 562 U.S. at 101. Nor has Petitioner provided any evidence to suggest he has suffered any prejudice based on trial counsel "permit[ing] the State to violate [P]etitioner's [D]ue [P]rocess and [C]onfrontation rights[] by allowing the State to elicit testimony from Detective O'Halloran[.]" Reply at PDF 29. For example, the evidence does not and cannot establish the result of the proceeding would have been different had trial counsel prevented the State from eliciting testimony from Detective O' Halloran, given (1) two eyewitnesses positively identified Petitioner as the man who robbed the jewelry store, and (2) Petitioner himself confessed orally and in writing. *Strickland*, 466 U.S.

at 694; *see also* Affidavit at ¶ 7. Because Petitioner has failed to meet the second prong under *Strickland*, the Court need not engage in analysis of the first prong under *Strickland*. *Strickland*, 466 U.S. at 697. Therefore, Petitioner's request for *habeas* relief on this ground must be DENIED.

## CONCLUSION

Petitioner's petition for a writ of *habeas corpus* is DENIED in its entirety. A certificate of appealability shall not issue. *See* 28 U.S.C. § 2253. The Clerk of the Court is respectfully directed to serve notice of entry of this Order on all parties and to close the case.

**SO ORDERED**

/S/ Judge William F. Kuntz, II

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: December __, 2015
Brooklyn, New York